MATTHEW M. WALSH (SBN 175004)
e-mail: mwalsh@dl.com
DEWEY & LeBOEUF LLP
333 South Grand Avenue, Suite 2600
Los Angeles, CA 90071-1530
Telephone:    (213) 621-6000
Facsimile:    (213) 621-6100

JEFFREY L. KESSLER (admitted *pro hac vice*)
e-mail: jkessler@dl.com
ADAM J. KAISER (admitted *pro hac vice*)
e-mail: akaiser@dl.com
DEWEY & LeBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019-6092
Telephone:    (212) 259-8000
Facsimile:    (212) 259-6333

Attorneys for Plaintiffs/Petitioners
National Football League Players Association,
on its own behalf and on behalf of
Bruce Matthews

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, on its own behalf and on behalf of BRUCE MATTHEWS,<br><br>Plaintiffs/Petitioners,<br><br>v.<br><br>NATIONAL FOOBALL LEAGUE MANAGEMENT COUNCIL and TENNESSEE TITANS,<br><br>Defendants/Respondents. | Case No. 10-CV-1671-JLS-WMc<br><br>Hon. Janis L. Sammartino<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Plaintiffs/Petitioners National Football League Players Association ("NFLPA"), on its own behalf and on behalf of Bruce Matthews (collectively "Plaintiffs/Petitioners"), answers and responds to Defendants/Respondents the National Football League Management Council ("NFLMC") and Tennessee Football, Inc. ("Titans") (collectively "Defendants/Respondents"), Answer and Counterclaim ("Counterclaim") as follows:

## JURISDICTION AND VENUE

1. Paragraph 1 of the Counterclaim states legal conclusions to which no response is required. If any response to these allegations is required, Plaintiffs/Petitioners admit the allegations in Paragraph 1 of the Counterclaim.

2. Paragraph 2 of the Counterclaim states legal conclusions to which no response is required. If any response to these allegations is required, Plaintiffs/Petitioners admit the allegations in Paragraph 2 of the Counterclaim.

## PARTIES

3. Paragraph 3 of the Counterclaim states legal conclusions to which no response is required. If any response to the allegations is required, Plaintiffs/Petitioners deny the allegations, except admit that the Titans is a member club of the National Football League ("NFL").

4. Admit the allegations in Paragraph 4 of the Counterclaim.

5. Deny the allegations in Paragraph 5 of the Counterclaim, except admit that Matthews is a professional football player who was employed by the Titans.

6. Paragraph 6 of the Counterclaim states legal conclusions to which no response is required. If any response to these allegations is required, Plaintiffs/Petitioners admit that the NFLPA is a labor organization certified by the National Labor Relations Board as the exclusive bargaining representative of all NFL players and that the NFLPA regularly represents players employed and residing in this judicial district.

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

1
ANSWER AND AFFIRMATIVE DEFENSES
10cv1671

**FACTS**

7. Admit that the parties are bound by a collective bargaining agreement negotiated between the NFLMC, on behalf of the NFL member clubs, including the Titans, and the NFLPA, on behalf of all NFL players, including Matthews. Plaintiffs/Petitioners deny all remaining allegations in Paragraph 7 of the Counterclaim.

8. To the extent the allegations in Paragraph 8 of the Counterclaim purport to refer to written documents, those materials speak for themselves. If any response to these allegations is required, Plaintiffs/Petitioners deny the allegations in Paragraph 8 of the Counterclaim and refer the Court to the documents referenced in Paragraph 8 for a full and accurate rendition of their contents.

9. To the extent the allegations in Paragraph 9 of the Counterclaim purport to refer to written documents, those materials speak for themselves. If any response to these allegations is required, Plaintiffs/Petitioners deny the allegations in Paragraph 9 of the Counterclaim and refer the Court to the documents referenced in Paragraph 9 for a full and accurate rendition of their contents.

10. To the extent the allegations in Paragraph 10 of the Counterclaim purport to refer to written documents, those materials speak for themselves. If any response to these allegations is required, Plaintiffs/Petitioners deny the allegations in Paragraph 10 of the Counterclaim and refer the Court to the documents referenced in Paragraph 10 for a full and accurate rendition of their contents.

11. To the extent the allegations in Paragraph 11 of the Counterclaim purport to refer to or quote written documents, those materials speak for themselves. If any response to these allegations is required, Plaintiffs/Petitioners deny the allegations in Paragraph 11 of the Counterclaim and refer the Court to the documents referenced in Paragraph 11 for a full and accurate rendition of their contents.

12. To the extent the allegations in Paragraph 12 of the Counterclaim purport to refer to or quote written documents, those materials speak for themselves. If any response to these

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

1  allegations is required, Plaintiffs/Petitioners deny the allegations in Paragraph 12 of the
2  Counterclaim and refer the Court to the documents referenced in Paragraph 12 for a full and
3  accurate rendition of their contents.

4      13.    To the extent the allegations in Paragraph 13 of the Counterclaim purport to
5  refer to or quote written documents, those materials speak for themselves.  If any response to these
6  allegations is required, Plaintiffs/Petitioners deny the allegations in Paragraph 13 of the
7  Counterclaim and refer the Court to the documents referenced in Paragraph 13 for a full and
8  accurate rendition of their contents.

9      14.    Paragraph 14 of the Counterclaim states legal conclusions to which no
10  response is required.  If any response to these allegations is required, Plaintiffs/Petitioners admit
11  the allegations in Paragraph 14 of the Counterclaim.

12      15.    Paragraph 15 of the Counterclaim states legal conclusions to which no
13  response is required.  If any response to these allegations is required, Plaintiffs/Petitioners admit
14  the allegations in Paragraph 15 of the Counterclaim.

15      16.    Paragraph 16 of the Counterclaim states legal conclusions to which no
16  response is required.  If any response to these allegations is required, Plaintiffs/Petitioners admit
17  the allegations in Paragraph 16 of the Counterclaim.

18      17.    Admit the allegations in Paragraph 17 of the Counterclaim.
19      18.    Admit the allegations in Paragraph 18 of the Counterclaim.
20      19.    Admit the allegations in Paragraph 19 of the Counterclaim accurately quote
21  the Award.  Deny that the quotation is the only "relevant part."

22  **COUNT I – CONFIRMATION AND ENFORCEMENT OF**
23  **ARBITRATION AWARD UNDER SECTION 301 OF THE LMRA**

24      20.    Reallege and incorporate by reference Plaintiffs/Petitioners' responses to
25  Paragraphs 1-19 as if fully set forth herein.

26      21.    Paragraph 21 of the Counterclaim states legal conclusions to which no
27  response is required, or purports to quote the contents of written documents that speak for
28

*Dewey & LeBoeuf LLP*
*333 South Grand Avenue*
*Suite 2600*
*Los Angeles, CA, 90071-1530*

themselves.  If any response to these allegations is required, Plaintiffs/Petitioners deny the allegations in Paragraph 21 of the Counterclaim and refer the Court to the documents referenced in Paragraph 21 for a full and accurate rendition of their contents.

22.     Paragraph 22 of the Counterclaim states legal conclusions to which no response is required.  If any response to these allegations is required, Plaintiffs/Petitioners admit the allegations in Paragraph 22 of the Counterclaim.

23.     Paragraph 23 of the Counterclaim states legal conclusions to which no response is required.  If any response to these allegations is required, Plaintiffs/Petitioners deny the allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

24.     Paragraph 24 of the Counterclaim states legal conclusions to which no response is required.  If any response to these allegations is required, Plaintiffs/Petitioners deny the allegations in Paragraph 24 of the Counterclaim.

25.     Paragraph 25 of the Counterclaim states legal conclusions to which no response is required.  If any response to these allegations is required, Plaintiffs/Petitioners admit that 29 U.S.C. § 185(a) contains the text quoted in Paragraph 25 of the Counterclaim.

26.     Paragraph 26 of the Counterclaim states legal conclusions to which no response is required.  If any response to these allegations is required, Plaintiffs/Petitioners deny the allegation in Paragraph 26 of the Counterclaim.

**RESPONSE TO DEFENDANTS/RESPONDENTS' PRAYER FOR RELIEF**

Plaintiffs/Petitioners deny that Defendants/Respondents are entitled to any of the relief requested under this heading.

**PLAINTIFFS/PETITIONERS' FIRST AFFIRMATIVE DEFENSE**

The Award must be vacated as contrary to federal labor law.

**PLAINTIFFS/PETITIONERS' SECOND AFFIRMATIVE DEFENSE**

The Award must be vacated as contrary to California law.

**PLAINTIFFS/PETITIONERS' THIRD AFFIRMATIVE DEFENSE**

The Award must be vacated as contrary to California public policy.

**PLAINTIFFS/PETITIONERS' FOURTH AFFIRMATIVE DEFENSE**

The Award must be vacated because it violates the Full Faith and Credit Clause of the United States Constitution.

**PLAINTIFFS/PETITIONERS' FIFTH AFFIRMATIVE DEFENSE**

The Counterclaim fails to state a claim upon which relief can be granted.

WHEREFORE, Plaintiffs/Petitioners respectfully request this Court to dismiss with prejudice the Counterclaim, award Plaintiffs/Petitioners attorney's fees, expenses and costs incurred in this matter, and that the Court award such other and further relief as is just and proper.

Dated:  September 27, 2010                    DEWEY & LeBOEUF LLP

                                              By:         /s Matthew M. Walsh

                                              Attorneys for Plaintiffs/Petitioners
                                              NATIONAL FOOTBALL LEAGUE PLAYERS
                                              ASSOCIATION, ON ITS OWN BEHALF AND ON
                                              BEHALF OF BRUCE MATTHEWS

# PROOF OF SERVICE

I am employed in the County of Los Angeles, California.  I am over the age of eighteen years and not a party to the within case; my business address is:  Dewey & LeBoeuf LLP, 333 South Grand Avenue, Suite 2600, Los Angeles, CA  90071-1530.

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court by using the CM/ECF system on September 27, 2010.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users.  I have served the foregoing document by e-mail as they are attorneys within our law firm:

| **Adam J. Kaiser** | **Jeffrey L. Kessler** |
|---|---|
| akaiser@dl.com | jkessler@dl.com |
| Dewey & LeBoeuf LLP | Dewey & LeBoeuf LLP |
| 1301 Avenue of the Americas | 1301 Avenue of the Americas |
| New York, NY 10019 | New York, NY 10019 |

Date:  September 27, 2010

/S - Linda Chow-Fortune