1   MATTHEW M. WALSH (SBN 175004)
    e-mail: mwalsh@dl.com
2   MAYA C. DHARWARKAR (SBN 249702)
    e-mail: mdharwarkar@dl.com
3   DEWEY & LeBOEUF LLP
    333 South Grand Avenue, Suite 2600
4   Los Angeles, CA 90071-1530
    Telephone:    (213) 621-6000
5   Facsimile:    (213) 621-6100

6   JEFFREY L. KESSLER (admitted *pro hac vice*)
    e-mail: jkessler@dl.com
7   ADAM J. KAISER (admitted *pro hac vice*)
    e-mail: akaiser@dl.com
8   JEFFREY H. NEWHOUSE (admitted *pro hac vice*)
    e-mail: jnewhouse@dl.com
9   DEWEY & LeBOEUF LLP
    1301 Avenue of the Americas
10  New York, NY 10019-6092
    Telephone:    (212) 259-8000
11  Facsimile:    (212) 259-6333

12  Attorneys for Plaintiffs/Petitioners
    National Football League Players Association,
13  on its own behalf and on behalf of
    Bruce Matthews
14

15              UNITED STATES DISTRICT COURT

16            SOUTHERN DISTRICT OF CALIFORNIA

17

18  NATIONAL FOOTBALL LEAGUE PLAYERS        ) Case No. 10-CV-1671-JLS-WMc
    ASSOCIATION, on its own behalf and on behalf of )
19  BRUCE MATTHEWS,                          ) Hon. Janis L. Sammartino
                                             )
20              Plaintiffs/Petitioners,      )
                                             )
21         v.                                )
                                             )
22  NATIONAL FOOTBALL LEAGUE                 ) **PLAINTIFFS/PETITIONERS'**
    MANAGEMENT COUNCIL and                   ) **REPLY MEMORANDUM IN**
23  TENNESSEE TITANS,                        ) **SUPPORT OF AMENDED MOTION**
                                             ) **TO VACATE ARBITRATION**
24              Defendants/Respondents.      ) **AWARD**
                                             )
25                                           )
                                             )
26                                           )
                                             )
27  _____   )

28

Dewey & LeBoeuf LLP
333 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-1530,

REPLY IN SUPPORT OF AMENDED MOTION TO VACATE ARBITRATION AWARD

1

## **TABLE OF CONTENTS**

2

Page

3 PRELIMINARY STATEMENT ................................................................................1

4 ARGUMENT ........................................................................................................2

5 I.     THE AWARD VIOLATES CALIFORNIA LAW AND PUBLIC POLICY .......................2

6       A.     *Got Junk* Supports Vacating the Award Because California Provides
               Greater Benefits Than Tennessee ...................................................................2

7

8       B.     The Mountain of Authorities Cited by the NFLPA Demonstrates that the
               Award Violates California Law and Public Policy....................................5

9 II.    THE ARBITRATOR IGNORED FEDERAL LABOR LAW............................................7

10 III.  THE ARBITRATOR IGNORED THE FULL FAITH AND CREDIT CLAUSE ...............8

11 CONCLUSION....................................................................................................10

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Dewey & LeBoeuf LLP**
333 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-1530,

i

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

CASES

4

*1-800-Got Junk v. Superior Court*,
   No. B221636, 2010 WL 4119245 (Cal. App. 2d Dist. Oct. 21, 2010) ..............................1, 2, 3

5

*ABF Capital v. Osley*,
   414 F.3d 1061 (9th Cir. 2005) ...............................................................................................4

6

*Alaska Packers' Ass'n v. Indus. Accident Comm'n of Cal.*,
   1 Cal. 2d 250 (1934), *aff'd*, 294 U.S. 532 (1935) ............................................... *passim*

7

*Booker v. Cincinnati Bengals, Inc.*, Case No. ANA0401410,
   Slip. Op., *vacated on other grounds*, Case No. ADJ4661829 (WCAB 2009) .................5, 6, 7

8

*Bowen v. Workers' Comp. Appeals Bd.*,
   73 Cal. App. 4th 15 (Cal. Dist. Ct. App. 1999) .......................................................................5

9

10

*Brache v. Tampa Bay Storm*,
   Case No. ADJ1908964 (ANA 0394515), Slip. Op. (WCAB 2010) ........................................6

11

*Burgo v. Lady of Am.*,
   No. SA CV 05-01518, 2006 WL 6642172 (C.D. Cal. May 4, 2006) ..............................2, 3, 7

12

13

*Carroll v. Lanza*,
   349 U.S. 408 (1955)................................................................................................................6

14

*Cnty. of San Luis Obispo v. Workers' Comp. Appeals Bd.*,
   133 Cal. App. 4th 641 (Cal. Dist. Ct. App. 2005) ..................................................................6

15

16

*Comedy Club, Inc. v. Improv W. Assocs.*,
   553 F.3d 1277 (9th Cir. 2009) ...............................................................................................8

17

*Contract Servs. Network v. Aubry*,
   62 F.3d 294 (9th Cir. 1995) ...................................................................................................8

18

19

*Galloway v. Workers' Comp. Appeals Bd.*,
   74 Cal. Rptr. 2d 374 (Cal. Ct. App. 1998) .............................................................................4

20

*Gas Aggregation Servs., Inc. v. Howard Avista Energy, LLC*,
   319 F.3d 1060 (8th Cir. 2003) ...............................................................................................8

21

*Hambrecht & Quist Venture Partners v. Am. Med. Int'l*,
   38 Cal. App. 4th 1532 (1995) ................................................................................................4

22

23

*Honeywell v. Workers' Comp. Appeals Bd.*,
   105 P.3d 544 (Cal. 2005) .......................................................................................................4

24

*Injured Workers' Ins. Fund of the State of Maryland v.*
   *Workers' Comp. Appeals Bd. and Cleveland Crosby*,
   Civ. No. G027717, 66 Cal. Comp. Cases 923 (June 14, 2001) ........................................4, 6, 7

25

26

*Kaiser Found. Hosps. v. Workers' Comp. Appeals Bd.*,
   702 P.2d 197 (Cal. 1985) .......................................................................................................4

27

28

**Dewey & LeBoeuf LLP**
333 South Grand Avenue; Suite 2600
Los Angeles, CA, 90071-1530,

ii

*Met. Life Ins. Co. v. Massachusetts*,
    471 U.S. 724 (1985)........................................................................................................7

*New York Tel. Co. v. Commc'ns Workers of Am. Local 1100*,
    256 F.3d 89 (2d Cir. 2001)............................................................................................8

*Ohio v. Chattanooga Boiler & Tank Co.*,
    289 U.S. 439 (1933)..................................................................................................4, 9

*Pac. Employers Ins. Co. v. Indus. Accident Comm'n of Cal.*,
    306 U.S. 493 (1939)..................................................................................................5, 8

*Reynolds v. Workmen's Comp. Appeals Bd.*,
    12 Cal. 3d 726 (Cal. 1974).............................................................................................4

*Thomas v. Washington Gas Light Co.*,
    448 U.S. 261 (1980)........................................................................................................6

*Wenke v. Hitchcock*,
    6 Cal. 3d 746 (1972) ......................................................................................................6


STATUTES

Cal. Corp. Code § 31512.........................................................................................................3

Cal. Labor Code § 2804 ....................................................................................................4, 5, 7

Cal. Labor Code § 5000 ................................................................................................. *passim*

Cal. Labor Code § 5401 ..........................................................................................................4

Tenn. Code Ann. § 50-6 (2010) ..............................................................................................4

Tenn. Code Ann. § 50-6-114(a) (2010) ...............................................................................4, 9

Tenn. Code Ann. § 50-6-201-203 (2010) ................................................................................4


OTHER AUTHORITIES

22 Op. Atty. Gen. 205.........................................................................................................5, 7

9-142 Larson's Workers' Compensation Law § 142.03 (2010) ..............................................5

9-143 Larson's Workers' Compensation Law § 143.07 (2010) ..............................................9

Restatement (Second) Conflict of Laws § 181 (2010)............................................................6

Dewey & LeBoeuf LLP
333 South Grand Avenue; Suite 2600
Los Angeles, CA, 90071-1530,

iii

**PRELIMINARY STATEMENT**

The heart of the NFLMC and Titans' opposition brief is that California's prohibition against the waiver of workers' compensation benefits is somehow unclear and thus this Court cannot find that the Award violates California's public policy.  This is simply not true.  California's workers' compensation statute voids any agreement that waives the right to seek workers' compensation benefits under California law, and a choice-of-law provision functions as a waiver.  California public policy is clearly violated when an employer robs an employee of his right to seek workers' compensation benefits under California law.

The NFLMC and Titans try to avoid this general rule by taking a narrow -- and unsupported -- view of the law.  They cite favorably to parts of *1-800-Got Junk v. Superior Court*, No. B221636, 2010 WL 4119245 (Cal. App. 2d Dist. Oct. 21, 2010), but ignore the rest of that decision, which supports the NFLPA's position, since the court made clear that California public policy is offended, and thus a choice-of-law clause is void and unenforceable, where, as here, the provision points to a state with lesser benefits than California.  Similarly, the NFLMC and Titans claim the *Alaska Packers* decisions are "fact-specific," and thus irrelevant, but that position utterly fails to take into account the last seventy-five years of Supreme Court workers' compensation jurisprudence, which demonstrates that *Alaska Packers* is the foundation for the general test for when an employee may seek benefits in a certain state.  Equally important, the *Alaska Packers* decisions involve the predecessor statute to California Labor Code § 5000 and hold that employees cannot waive their right to seek workers' compensation through contract under that statute.  They are directly on point.

The NFLMC and Titans also do not dispute that the Award ignores federal labor law and concede that the arbitrator did not rely on the Full Faith and Credit Clause.  These two positions are additional, independent reasons to vacate the Award, as they demonstrate that the arbitrator manifestly disregarded the law.  For these reasons, as well as the arguments advanced in the NFLPA's moving brief and discussed below, this Court should, respectfully, vacate the Award.

Dewey & LeBoeuf LLP
333 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-1530,

1

Dewey & LeBoeuf LLP
333 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-1530,

## ARGUMENT

**I.      THE AWARD VIOLATES CALIFORNIA LAW AND PUBLIC POLICY**

> **A.    *Got Junk* Supports Vacating the Award Because California Provides Greater Benefits Than Tennessee**

The NFLMC and Titans rely on the recent decision *1-800-Got Junk v. Superior Court*, No. B221636, 2010 WL 4119245 (Cal. App. 2d Dist. Oct. 21, 2010).  So, too, does the NFLPA.  *Got Junk* stands for the proposition that California public policy is not offended by a choice-of-law clause that points to a state with *greater* benefits.  *Got Junk*, 2010 WL 4119245, at *9-10.  *Got Junk* also makes clear, however, that if the state to which the choice-of-law clause points provides *lesser* benefits, as here, California public policy is offended and thus the choice-of-law clause is void and unenforceable.  *See id.* (citing *Burgo v. Lady of Am.*, No. SA CV 05-01518, 2006 WL 6642172 (C.D. Cal. May 4, 2006)).

*Got Junk* involved the California Franchise Relations Act ("CFRA") and its anti-waiver provision.  The CFRA includes a provision that "[a]ny condition, stipulation or provision purporting to bind any person to waive compliance with any provision of this law is contrary to public policy and void."  *Got Junk*, 2010 WL 4119245, at *5.  A franchisee claimed that, pursuant to this provision, its contract with a franchisor was void because the contract included a Washington choice-of-law clause.  The court disagreed because the California statute only voided a waiver of compliance with the California statute and, since the Washington statute actually provided *greater* benefits, the choice-of-law clause complied with the California statute and its underlying public policy.  The court explained:

> Section 20010 makes void "[a]ny condition, stipulation or provision purporting to bind any person to waive compliance with any provision of" the CFRA.  In other words, section 20010 only voids a choice of law provision which requires a franchisee to "waive compliance" with the protections of the CFRA.  *Therefore, the critical inquiry is whether enforcement of the Washington choice of law provision would diminish [a party's] rights under the CFRA.*
>
> A comparison of the CFRA and the [Washington statute] shows that Washington affords a franchisee far greater protection from summary termination of a franchise.

2

Dewey & LeBoeuf LLP
333 South Grand Avenue; Suite 2600
Los Angeles, CA, 90071-1530,

1    . . .

2    The instant franchise agreement, giving the franchisee superior
     protection from summary termination pursuant to Washington law,
3    is not a waiver of compliance with the CFRA.  California public
     policy is not offended if the franchisor contractually obligates itself
4    to give notice and an opportunity to cure in situations where the
     CFRA would permit immediate termination of a franchise.  *In other*
5    *words, the public policy of this state is not offended by a franchise*
     *agreement giving a franchisee superior protection from summary*
6    *termination under the chosen law of another state.*  Therefore,
     enforcement of the instant choice of law provision is not barred by
7    section 20010.

8    *Id.* at *10 (emphasis in original).

9         *Got Junk* relies on, and is consistent with, the District Court for the Central District

10   of California's decision in *Burgo*, 2006 WL 6642172.  *Burgo* involved a choice-of-law clause and

11   the antiwaiver provision of the California Franchise Investment Law ("CFIL").  Similar to the

12   CFRA (and California Labor Code § 5000), the CFIL states that "[a]ny condition, stipulation or

13   provision purporting to bind any person acquiring any franchise to waive compliance with any

14   provision of this law or any rule or order hereunder is void."  *Burgo*, 2006 WL 6642172, at *7

15   (quoting Cal. Corp. Code § 31512).

16        The issue in *Burgo* was whether a Florida choice-of-law clause was valid where "a

17   comparison of Florida and California's franchise statutes shows that Florida provides significantly

18   *less* protection to franchisees."  *Id.* at *8 (emphasis added).  The court found that the clause was

19   void and unenforceable.  It explained:

20   [A]n antiwaiver provision performs its literal meaning:  it prohibits
     parties contracting around the substantive provisions of the statutory
21   protective scheme in question.  *Choice of law provisions function as*
     *a waiver, and therefore are necessarily invalid*. . . . [T]he Court
22   finds that *application of Florida law would be contrary to*
     *California's fundamental public policy* of not permitting its
23   franchisees to contract around California's statutory protections.

24   *Id.* (emphasis added).  *Got Junk* and *Burgo* thus teach that if California statutorily prohibits the

25   waiver of a right, and if a choice-of-law clause points to the application of a state's law that

26   provides lesser benefits than the benefits available under California law, the clause is void and

27   unenforceable.

28

3

REPLY IN SUPPORT OF AMENDED MOTION TO VACATE ARBITRATION AWARD

Dewey & LeBoeuf LLP
333 South Grand Avenue; Suite 2600
Los Angeles, CA, 90071-1530,

1         Here, Tennessee provides lesser benefits than California and hence the choice-of-

2   law clause is void and unenforceable.  In California, if an employer fails to provide adequate

3   notice to an employee of benefits and procedures to be followed for workers' compensation

4   claims, the statute of limitations is tolled until the employee receives such notice.  *See Kaiser*

5   *Found. Hosps. v. Workers' Comp. Appeals Bd.*, 702 P.2d 197, 201-02 (Cal. 1985); *Reynolds v.*

6   *Workmen's Comp. Appeals Bd.*, 12 Cal. 3d 726, 729 (Cal. 1974); *Galloway v. Workers' Comp.*

7   *Appeals Bd.*, 74 Cal. Rptr. 2d 374, 377 (Cal. Ct. App. 1998); *see also Honeywell v. Workers'*

8   *Comp. Appeals Bd.*, 105 P.3d 544, 549 (Cal. 2005); Cal. Labor Code § 5401.  There is no such

9   rule in Tennessee.  While Tennessee, like California, requires employees to provide notice to their

10  employers of injury, *see* Tenn. Code Ann. § 50-6-201-203 (2010), Tennessee does *not* afford

11  protection to employees who are unaware of the existence of workers' compensation benefits or

12  the procedure for filing for such benefits.  *See generally* Tenn. Code Ann. § 50-6 (2010).[1]

13        What's more, California has a material interest in seeing its workers' compensation

14  statutes upheld and Tennessee does *not* have an interest in precluding injured employees from

15  seeking workers' compensation benefits in California.  (DE-29 at 7-8.)  Both states prohibit the

16  waiver of the right to seek workers' compensation benefits.  Cal. Labor Code §§ 2804, 5401;

17  Tenn. Code Ann. § 50-6-114(a) ("No contract or agreement, written or implied, or rule, regulation

18  or other device, shall in any manner operate to relieve any employer, in whole or in part, of any

19  obligation created by this chapter . . .").  The "[Tennessee workers' compensation] statute does not

20  preclude recovery under the law of another state."  *Ohio v. Chattanooga Boiler & Tank Co.*, 289

21  U.S. 439 (1933).  California's workers' compensation statute applies to non-residents.  *See, e.g.*,

22

23  ---

    [1] At page 12 of their motion to confirm, the NFLMC and Titans cite *Hambrecht & Quist Venture*
    *Partners v. Am. Med. Int'l*, 38 Cal. App. 4th 1532, 1548-49 (1995), and *ABF Capital v. Osley*, 414
24  F.3d 1061, 1066 (9th Cir. 2005), and claim that, because there is "no fundamental state policy
    against applying a foreign jurisdiction's statute of limitations to claims brought within California
25  courts," the NFLPA cannot show that California public policy is frustrated by the Award.  This
    argument conflates the issues.  The fundamental public policy here is California's prohibition
26  against employees waiving the right to seek workers' compensation benefits under California law.
    It is *that* fundamental public policy that is offended by the Award.  The notice that an employer is
27  required to provide to an employee and the tolling of a limitations period absent such notice are
    greater benefits provided by California.

28

REPLY IN SUPPORT OF AMENDED MOTION TO VACATE ARBITRATION AWARD

1   *Injured Workers' Ins. Fund of the State of Maryland v. Workers' Comp. Appeals Bd. and*

2   *Cleveland Crosby*, Civ. No. G027717, 66 Cal. Comp. Cases 923 (June 14, 2001).  California has a

3   materially greater interest than Tennessee.

4       **B.    The Mountain of Authorities Cited by the NFLPA Demonstrates that
             the Award Violates California Law and Public Policy**

5

6               Numerous authorities -- the United States Supreme Court, the California Supreme

7   Court, the California Court of Appeals, California state statutes, a California Attorney General

8   opinion, and Workers' Compensation Appeals Board ("WCAB") decisions -- show that the Award

9   violates California public policy.  (DE-24 at 6-9 (discussing *Alaska Packers' Ass'n v. Indus.*

10  *Accident Comm'n of Cal.*, 1 Cal. 2d 250 (1934), *aff'd*, 294 U.S. 532 (1935); *Bowen v. Workers'*

11  *Comp. Appeals Bd.*, 73 Cal. App. 4th 15, 26-27 (Cal. Dist. Ct. App. 1999); *Booker v. Cincinnati*

12  *Bengals, Inc.*, Case No. ANA0401410, Slip. Op., at 16, *vacated on other grounds*, Case No.

13  ADJ4661829 (WCAB 2009); Cal. Labor Code §§ 2804, 5000; 22 Op. Atty. Gen. 205, Dec. 4.

14  1953.)  Defendants/Respondents' argument that there is *not* an "explicit, well defined, dominant

15  public policy" in California that prohibits an employee from waiving the right to seek workers'

16  compensation benefits (DE-31 at 7-9) is simply belied by these authorities.[2]

17              In particular, the NFLMC and Titans try to minimize the import of the *Alaska*

18  *Packers* decisions by claiming those cases are narrowly applied because they are "fact-specific"

19  (DE-31 at 4-6, 14), but that position is unsupported by the law.  The *Alaska Packers* cases are

20  cited with approval in hundreds of decisions, and the bible of workers' compensation law has

21  explained that United States Supreme Court's decision in *Alaska Packers* "*began to develop the*

22  *general test* which inquires whether any incidents of the injury that are important and relevant to

23  workers' compensation fall within the local state."  9-142 Larson's Workers' Compensation Law

24  § 142.03 (2010) (emphasis added).  Indeed, *Alaska Packers* is the touchstone for the landmark

25  United States Supreme Court workers' compensation decisions that establish the framework for

26  ─────────────────────────

27  [2] For this same reason, NFLMC and Titans' attempt to distinguish the cases cited in the NFLPA's
     moving brief at page 4 -- on the grounds that those cases involved an explicit conflict with other
     laws and legal precedents -- is entirely without merit.  (DE-31 at 8.)

28

**Dewey & LeBoeuf LLP**
333 South Grand Avenue; Suite 2600
Los Angeles, CA, 90071-1530,

1    when an employee may seek benefits in a certain state.  *See, e.g.*, *Pac. Employers Ins. Co. v.*

2    *Indus. Accident Comm'n of Cal.*, 306 U.S. 493, 500-03 (1939) (discussing *Alaska Packers*);

3    *Carroll v. Lanza*, 349 U.S. 408 (1955) (same); *Thomas v. Washington Gas Light Co.*, 448 U.S.

4    261, 277-80, 285 (1980) (same).

5             The NFLMC and Titans also try to avoid *Alaska Packers* by raising the

6    jurisdictional defense that Matthews does not have "substantial California contacts."  (DE-31 at 6;

7    *see also id.* at 4-6, 14-15.)  But it is improper to raise jurisdictional defenses at this time because

8    those issues are outside the scope of the Award.  (DE-29 at 9-11.)  The Titans should instead raise

9    its defenses before the WCAB, where Matthews filed a claim that alleges he was injured in

10   California while performing services for the Titans.  The WCAB routinely hears jurisdictional

11   issues in cases involving professional football players.  *See, e.g.*, *Brache v. Tampa Bay Storm*,

12   Case No. ADJ1908964 (ANA 0394515), Slip. Op., at 8 (WCAB 2010); *Booker*, Case No.

13   ANA0401410, Slip. Op., at 16; *Crosby*, 66 Cal. Comp. Cases 923; *see also* DE-29 at 9-11.  The

14   question before this Court is simply whether the Award, which prohibits Matthews from seeking

15   workers' compensation benefits under the laws of California, violates California law and public

16   policy, federal labor law and the Full Faith and Credit Clause.  It does.  (DE-24 at 6-14.)[3]

17            The NFLMC and Titans also argue that this Court should ignore the Attorney

18   General opinion and *Booker* because "neither authority is binding on this Court."  (DE-31 at 7.)

19   As an initial matter, even the cases cited by the Defendants/Respondents acknowledge that

20   California Attorney General opinions are "accorded great respect," *Wenke v. Hitchcock*, 6 Cal. 3d

21

22   _____

     [3] As an aside, even though it is inappropriate to raise jurisdictional defenses here, it is noteworthy

23   that the Titans' defense that there are not "the significant contacts required for California law" is
     completely baseless.  (DE-31 at 15.)  "A State of the United States may consistently with the

24   requirements of due process award relief to a person under its workmen's compensation statute, if
     . . . the person is injured in the State . . . ."  Restatement (Second) Conflict of Laws § 181 (2010);

25   *see also* 9-142 Larson's Workers' Compensation Law Scope (2010) ("Any state having a more-
     than-casual interest in a compensable injury may apply its compensation act to that injury without

26   violating its constitutional duty to give full faith and credit to the compensation statutes of other
     states also having an interest in the injury.  Among the factors which, if occurring within the state,

27   will give rise to such a legitimate interest are . . . the occurrence of the injury . . .").  Matthews
     filed a claim that alleges he was injured in California while performing services for the Titans and

28   thus has sufficient contacts with California.

Dewey & LeBoeuf LLP
333 South Grand Avenue; Suite 2600
Los Angeles, CA, 90071-1530,

REPLY IN SUPPORT OF AMENDED MOTION TO VACATE ARBITRATION AWARD

Dewey & LeBoeuf LLP
333 South Grand Avenue; Suite 2600
Los Angeles, CA, 90071-1530,

746, 752 (1972), and WCAB decisions carry "great weight," *Cnty. of San Luis Obispo v. Workers' Comp. Appeals Bd.*, 133 Cal. App. 4th 641, 649 n.1 (Cal. Dist. Ct. App. 2005). More importantly, the NFLMC and Titans' position misses the point. The two authorities cited by the NFLPA are persuasive because they are directly on point. The Attorney General opinion explains that an "attempted waiver of workmen's compensation benefits" is "against public policy" and "specifically prohibited by statute." 22 Op. Atty. Gen. 205. A choice of law provision functions as a waiver. *Burgo*, 2006 WL 6642172, at *8.[4]

The WCAB's decision in *Booker*, for its part, involved a professional football player who played two games within California while employed by an out-of-state Club. The WCAB held:

> An injured worker may not waive his right to receive workers compensation benefits under the California Labor Code by contract or agreement, expressed or implied per Labor Code § 2804. Labor Code § 5000 states in part: *"no contract, rule, or regulation shall exempt the employer from liability for the compensation fixed by this division."* Any provision of the employment agreement between Mr. Booker and the Bengals which purports to limit the applicant's ability to pursue workers' compensation benefits in the state of California is *void and unenforceable*.

*Booker*, Case No. ANA0401410, Slip. Op., at 16, *vacated on other grounds*, Case No. ADJ4661829 (emphasis added); *see also Crosby*, 66 Cal. Comp. Cases 923 (California workers' compensation benefits extended to non-resident professional football player who was never employed by a California employer and played only one game in California).

## II.  THE ARBITRATOR IGNORED FEDERAL LABOR LAW

The NFLMC and Titans concede that federal labor law is violated if parties contract to undercut minimum labor standards and that, under binding Ninth Circuit precedent, a collective bargaining agreement cannot preempt state workers' compensation benefits. (DE-31 at

---

[4] The NFLMC and Titans' argument that "the Attorney General opinion has no persuasive value because it nowhere addresses choice-of-law provisions" is baffling. (DE-31 at 7.) The Attorney General opinion addresses "*any* agreements to waive employees' rights against their employer for injury." 22 Op. Atty. Gen. 205 (emphasis added). The case cited by the NFLMC and Titans at page 7 of their opposition brief stands for the unremarkable (and irrelevant) proposition that an opinion is not an authority for an issue not considered. (DE-31 at

REPLY IN SUPPORT OF AMENDED MOTION TO VACATE ARBITRATION AWARD

Dewey & LeBoeuf LLP
333 South Grand Avenue; Suite 2600
Los Angeles, CA, 90071-1530,

1   2, 12; *see also* DE-24 at 9-12 (citing *Met. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 755-56,

2   105 S. Ct. 2380 (1985); *Alaska Packers*, 294 U.S. at 543; *Contract Servs. Network v. Aubry*, 62

3   F.3d 294, 298-99 (9th Cir. 1995)).)  Nor do they dispute that Arbitrator Sharpe ignored this settled

4   law (DE-31 at 12-13), which warrants vacatur.     (DE-24 at 9-12.)     Instead, the

5   Defendants/Respondents argue that employees can waive their right to seek workers'

6   compensation benefits under California law and, for this reason, the Award does not violate

7   federal labor law.  (DE-31 at 12-13.)  As explained above and in the NFLPA's moving brief, this

8   is incorrect because numerous authorities demonstrate that such a waiver is against California law

9   and public policy.  (*See*, *supra*, Section I; DE-24 at 6-9.)[5]

10  ## III.       THE ARBITRATOR IGNORED THE FULL FAITH AND CREDIT CLAUSE

11          The NFLMC and Titans concede that the arbitrator ignored the Full Faith and

12  Credit Clause.  According to the Defendants/Respondents, "the arbitrator did not rely on the Full

13  Faith and Credit Clause to decide that Tennessee law applies here."  (DE-31 at 13.)  That is

14  precisely the NFLPA's point:  "the Award completely ignores the Full Faith and Credit Clause and

15  its prohibition against imposing the law of Tennessee upon the state of California."  (DE-24 at 12.)

16  The arbitrator thus manifestly disregarded the law.  *See Comedy Club, Inc. v. Improv W. Assocs.*,

17  553 F.3d 1277, 1290 (9th Cir. 2009) (vacatur warranted where it is "clear from the record that the

18  arbitrator [] recognized the applicable law and then ignored it") (citations omitted; alteration in

19  original); *see also Gas Aggregation Servs., Inc. v. Howard Avista Energy, LLC*, 319 F.3d 1060,

20  1068-69 (8th Cir. 2003); *New York Tel. Co. v. Commc'ns Workers of Am. Local 1100*, 256 F.3d

21

22  _____

    [5] The NFLMC and Titans' citations to *Luong*, *Collins* and *Bear, Sterns* are confusing.  (DE-31 at

23  9-12.)  All of those decisions, as the NFLMC and Titans point out, involve the "manifest disregard
    standard," which turns on whether the arbitrator ignored settled law.  The NFLMC and Titans

24  argue that the Award is in manifest disregard of the law because the Award ignores Labor Code §
    5000.  But more importantly, perhaps, the law clearly violates California public policy, by robbing

25  NFL players like Matthews of their right, under California statute, to avail themselves of benefits
    under California's unwaivable workers' compensation laws.  In addition, the Award manifestly

26  disregards federal labor law and the Full Faith and Credit Clause because it ignores settled law on
    those issues.  (DE-24 at 9-14.)  The NFLMC and Titans do not dispute that the Award ignores

27  federal labor law and they expressly state that "the arbitrator did not rely on the Full Faith and
    Credit Clause to decide that Tennessee law applies here."  (DE-31 at 12-13.)  *Luong*, *Collins* and

28  *Bear, Sterns* thus support the NFLPA's position.

1    89, 93 (2d Cir. 2001).[6]

2          The NFLMC and Titans' final argument -- that choice-of-law provisions like the

3 one at issue here are enforceable under Tennessee law -- is wrong.  (DE-31 at 15.)  The NFLMC

4 and Titans concede that Tennessee law permits Tennessee employees to file workers'

5 compensation claims in other states.   (DE-31 at 15; *see also*, *supra*, at 4; DE-24 at 13-14

6 (discussing *Ohio v. Chattanooga Boiler & Tank Co.*, 289 U.S. 439 (1933) (the "[Tennessee

7 workers' compensation] statute does not preclude recovery under the law of another state")).)

8 More importantly, they ignore Tennessee's workers' compensation statute.  It provides:

9         No contract or agreement, written or implied, or rule, regulation or
        other device, shall in any manner operate to relieve any employer, in

10         whole or in part, of any obligation created by this chapter . . . .

11 Tenn. Code Ann. § 50-6-114(a).  Tennessee, just like California, statutorily prohibits employees

12 from waiving their right to seek workers' compensation benefits.  The same is true in nearly every

13 state:

14         Express agreement between employer and employee that the statute
        of a named state shall apply is ineffective either to enlarge the

15         applicability of that state's statute or to diminish the applicability of
        the statutes of other states.  Whatever the rule may be as to questions

16         involving commercial paper, interest, usury and the like, *the rule in
        workers' compensation is dictated by the overriding consideration*

17         *that compensation is not a private matter to be arranged between
        two parties; the public has a profound interest in the matter which*

18         *cannot be altered by any individual agreements.*

19 *See* 9-143 Larson's Workers' Compensation Law § 143.07 (2010) (emphasis added).

20

21

22

23

24

25 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
[6] The NFLMC and Titans also argue that the Full Faith and Credit Clause is not violated under
*Alaska Packers* and *Pacific Employers* because both of those cases involve workers with more

26 significant contacts to California than Matthews.  (DE-31 at 14-15; *see also* DE-23 at 15-18.)  As
explained in Section I, *supra*, jurisdictional defenses should be raised before the WCAB -- not

27 here -- and, in any event, Matthews' contacts to California satisfy due process requirements.  *See*,
*supra*, at 6 n.3.

28

REPLY IN SUPPORT OF AMENDED MOTION TO VACATE ARBITRATION AWARD

10cv1671

Dewey & LeBoeuf LLP
333 South Grand Avenue; Suite 2600
Los Angeles, CA, 90071-1530,

1

## <u>CONCLUSION</u>

2

  The NFLPA, on its own behalf and on behalf of Bruce Matthews, respectfully

3

requests that this Court vacate the Award.

4

Dated:  December 10, 2010        DEWEY & LeBOEUF LLP

5

6

       By:_____/s Matthew M. Walsh_____

7

      Attorneys for Plaintiffs/Petitioners
      NATIONAL FOOTBALL LEAGUE PLAYERS

8

      ASSOCIATION, ON ITS OWN BEHALF AND ON
      BEHALF OF BRUCE MATTHEWS

9

LA1 263038

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Dewey & LeBoeuf LLP**
**333 South Grand Avenue; Suite 2600**
**Los Angeles, CA, 90071-1530,**

REPLY IN SUPPORT OF AMENDED MOTION TO VACATE ARBITRATION AWARD

1

## PROOF OF SERVICE

2

3        I am employed in the County of Los Angeles, California.  I am over the age of eighteen years and not a party to the within case; my business address is:  Dewey & LeBoeuf LLP, 333 South Grand Avenue, Suite 2600, Los Angeles, CA  90071-1530.

4

5        I hereby certify that I electronically filed the foregoingwith the Clerk of the Court for the United States District Court by using the CM/ECF system on December 10, 2010.

6        Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

7

8        I further certify that some of the participants in the case are not registered CM/ECF users.  I have mailed the foregoing document by First-Class Mail, postage prepaid to the following non-CM/ECF participant(s):

9

10    Daniel L. Nash
      Akin Gump Strauss Hauer & Feld LLP

11    1333 New Hampshire Avenue, NW
      Washington, DC 20036

12

13    Date:  December 10, 2010                    _____
                                                          Linda Chow-Fortune

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA 221859